IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN LEE HYDE,

        Plaintiff,                       No. CIV S-09-2128 MCE DAD P

    vs.

GERALD WESTON, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, an Idaho state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 and an application to proceed in forma pauperis under 28 U.S.C. § 1915[1]. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

        Plaintiff contends that this court has diversity jurisdiction over this action. Plaintiff asserts that, if not for his incarceration, he would be a resident of California. Plaintiff also alleges that his minor daughter, Kristy Lee Brooke, is a plaintiff in this action and resides in California. Plaintiff names the following defendants: Idaho State Judge Gerald Weston, Prosecuting Attorney Scott James, Clerk of Court Fredrick Lyons, and private attorney Richard

---

[1] In light of these findings and recommendations, the court has not ruled on plaintiff's application to proceed in forma pauperis.

1

Harris who was plaintiff's appointed counsel.  All of the defendants are employed in Idaho, and presumably reside in Caldwell or Boise, Idaho.

>A civil action based on diversity jurisdiction may be brought only in:
>
>(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).  Because all of the named defendants reside in Idaho, plaintiff's action is not properly brought in the U.S. District Court for the Eastern District of California.

In addition, the court finds that the complaint is defective.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  Here, the court finds that plaintiff has named defendants that are either entitled to absolute immunity or are not a proper defendant for a section 1983 action.  The United States Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983.  Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  A state prosecutor also has absolute immunity for initiation and pursuit of criminal prosecutions, including presentation of case at trial.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Court clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process.  Mullis v. United States Bankr. Court, 828 F.2d 1385, 1390 (9th Cir. 1987).  Finally, "[a]lthough lawyers are generally licensed by the States, 'they are not officials of government by virtue of being lawyers.'"  Polk County v. Dodson, 454 U.S. 312, 319 n.9 (1981).  An attorney's representation of a client does not constitute action under color of state law which

/////

1 is required for a § 1983 action. <u>Briley v. California</u>, 564 F.2d 849, 855 (9th Cir.1977).

2 Therefore, the court will not transfer this case to the appropriate U.S. District Court.

3     Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
4 lack of jurisdiction and for failure to state a cognizable claim.

5     These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
7 one days after being served with these findings and recommendations, plaintiff may file written
8 objections with the court. The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
11 F.2d 1153 (9th Cir. 1991).

12 DATED: April 5, 2010.

                                                      DALE A. DROZD
                                                      UNITED STATES MAGISTRATE JUDGE

DAD:4
hyde2128.56